**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Deborah H. Herndon, trustee for the heirs and next of kin of John Herndon, Jr., decedent,

        Plaintiff,

vs.

Avera Marshall d/b/a Avera Marshall Regional Medical Center, Avera McKennan, Christopher Gregory, M.D., and Syed M. Hasan, M.D.,

        Defendants.

Civil File No.: 18-cv-1930 (DWF/TNL)

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Stipulation for Protective Order. (ECF No. 29). Based on the stipulation of the parties, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 26(c), confidential information shall be disclosed in the designated ways:

**IT IS HEREBY ORDERED THAT:**

1. Any party to this action, or any non-party or entity asked or required to produce documents or other materials for use in this action, may designate as "Confidential" any document or other material sought to be discovered from that party or non-party.

2. Material is to be designated as "Confidential" in the following manner: Written materials to be treated as "Confidential" shall be designated as such by placing the

legend "CONFIDENTIAL" upon the first page and each other page of any document containing information treated as "Confidential" material.

3. Except as otherwise set forth in this Order, neither material that is designated by another party or non-party as "Confidential" nor the contents thereof shall be shown to, given to, discussed with, or otherwise disclosed to any person other than:

    a. Counsel of record for the parties and, to the extent such disclosure is reasonably necessary for purposes of this case, their respective partners, associates, paralegals and clerical personnel;

    b. Persons retained or proposed to be retained as expert consultants or witnesses and, to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

    c. Court reporters and videographers, provided that review of such material is necessary in connection with any depositions, and upon agreement that the materials will remain confidential;

    d. Persons reasonably believed to have authored, received, or been aware of the Confidential Material or who are employees of the party which produced or designated the "Confidential" material, provided such persons are not given a copy of any such "Confidential" material to retain;

    e. The Court, provided that such materials are filed confidentially or under seal in accordance with electronic filing requirements **as set forth below**.

This protective order does not authorize the filing of any document under seal. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to**

**limit sealing only to the extent necessary.** If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

Such filing shall not relieve the parties of the obligation to refrain from further disclosing that material to any person other than those identified in paragraphs 3(a) through 3(f) herein or from otherwise adhering to all other provisions of this Order.

Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

  f. Any mediator or arbitrator appointed by the Court or agreed to by the parties;

  g. Witnesses at the time of preparing for and giving testimony at deposition or trial in this case.

4. Counsel shall not disclose any materials designated by another party or non-party as "Confidential" or the contents thereof to any person—except the parties, counsel of record and those described in Paragraph 3 above, the Court, and witnesses at deposition or trial—until that person has been informed that the information is confidential and not to be re-disclosed or used for any purpose outside of this action.

5. Any person obtaining access to materials designated as "Confidential" shall use that material and the information contained therein only for the purposes of this action and for no other purpose.

6. Within 90 days of the conclusion or final settlement of this litigation and any appeal thereof, Plaintiff, subject to the terms hereof, shall:

    a. Destroy or assemble and return to the party who produced the materials, all material designated as "Confidential", and all copies thereof; and

    b. Destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of any materials designated "Confidential"

except that counsel may retain one archival copy of "Confidential" materials which materials will otherwise remain subject to this Stipulation and Protective Order.

7. Nothing in this Stipulation and Protective Order constitutes a finding or admission that any "Confidential" material is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular material does, in fact, contain confidential material or the question of whether this Stipulation and Protective Order should be modified.

8. The terms of this Stipulation and Protective Order shall survive and remain in effect after the termination or settlement of this litigation.

**9. Prior Orders. All prior consistent orders remain in full force and effect.**

**10. Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation**

**of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Dated: November 8, 2018　　　　　　　　　　 *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　 Tony N. Leung
　　　　　　　　　　　　　　　　　　 United States Magistrate Judge
　　　　　　　　　　　　　　　　　　 District of Minnesota

　　　　　　　　　　　　　　　　　　 *Herndon v. Avera Marshall, et al.*
　　　　　　　　　　　　　　　　　　 Case No. 18-cv-1930 (DWF/TNL)

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |